IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-304-RJC

| | |
|---|---|
| RODNEY MOUCELL JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALVIN W. KELLER, JR. ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254; Petitioner's motions to appoint counsel; Petitioner's motion to proceed *in forma pauperis*; and Petitioner's motion for a temporary restraining order and/or preliminary injunction.[1]

**I.     INITIAL REVIEW**

Rule 4 of the Rules Governing Section 2254 Proceedings requires the court to conduct an initial review of a Section 2254 petition, and any attached exhibits and determine whether the petitioner is entitled to any relief, and the court may order the respondent to file an answer or response to the petition. After examining the petition, and relevant materials, the Court finds that the Respondent should file an answer or response to the Section 2254 petition.

**II.    APPOINTMENT OF COUNSEL**

According to the website of the North Carolina Department of Public Safety, Petitioner is confined in the Scotland Correctional Institution following conviction for Kidnapping in the First Degree (Principal); Petitioner is scheduled for release from custody on November 29, 2043.

---
[1] The Court has examined Petitioner's motion to proceed *in forma pauperis* and finds that good cause exists to grant the motion. (Doc. No. 3).

1

Petitioner contends that he is being wrongfully detained based on numerous errors in his State proceedings, including ineffective assistance of counsel and the trial court's lack of subject matter jurisdiction over him. In his motions for appointment of counsel, Petitioner asserts that he needs the assistance of counsel for, among other reasons, he has no access to legal materials and he needs assistance with discovery.

There is no constitutional right to counsel in Section 2254 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas proceeding if it finds that "that the interests of justice so require." See also Rule 6(a) of the Rules Governing Section 2254 Proceedings (providing that the court may authorize discovery for good cause and appoint an attorney to assist in discovery).

The Court has examined Petitioner's Section 2254 petition, and finds that Petitioner has adequately presented his allegations to the Court and that there is no indication at present that the Court would authorize discovery in this matter. The motions for appointment of counsel are therefore denied in the Court's discretion.

### III. MOTION FOR INJUNCTIVE RELIEF

The Court has considered Petitioner's motion for a temporary restraining order and/or preliminary injunction and finds that it should be denied as the Respondent is entitled to answer or respond to the contentions set forth in Petitioner's Section 2254 petition before the Court makes any substantive findings on the nature of the State proceedings.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motions for Appointment of Counsel are **DENIED**. (Doc. Nos. 2, 4).

2. Petitioner's Motion to Proceed *in forma pauperis* is **GRANTED**. (Doc. No. 3).

3. Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunctions is **DENIED**. (Doc. No. 5).

Signed: February 20, 2013

Robert J. Conrad, Jr.
Chief United States District Judge