UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-304-RJC

| RODNEY MOUCELL JONES, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KIERAN J. SHANAHAN, | ) | |
| Secretary, North Carolina | ) | |
| Dept. of Public Safety, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be denied and dismissed.

**I.    BACKGROUND**

Petitioner is presently a prisoner of the State of North Carolina who was convicted by a jury in Buncombe County Superior Court on four counts of first-degree kidnaping, four counts of attempted robbery with a dangerous weapon, one count of conspiracy to commit robbery, and one count of being a habitual felon. Petitioner was sentenced on July 2, 2010, to a term of 40-years and 7-months' imprisonment and he filed an appeal to the North Carolina Court of Appeals which he voluntarily withdrew in December 2010. (Doc. No. 15-3 at 4; Doc. No. 15-27).

On June 9, 2011, Petitioner filed a motion for appropriate relief (MAR) in Buncombe County Superior Court and therein raised some twenty-five grounds for relief. In the twenty-fifth

ground for relief Petitioner alleged ineffective assistance of trial counsel and set forth eighteen subparts. The state superior court denied each claim for relief, save for parts of ground twenty-five concerning ineffective assistance of counsel, after concluding that each of the claims could have been presented on direct appeal, and the court cited North Carolina's procedural bar which provides for dismissal of claims if "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so." (Doc. No. 1-1 at 57) (citing N.C. Gen. Stat. § 15A-1419(a)(3)). The court specifically found that Petitioner could not overcome the State's procedural bar because he had failed to demonstrate "good cause resulting in actual prejudice or that a fundamental miscarriage of justice will result" if his arguments were not considered by the trial court. (Id.) (citing N.C. Gen. Stat. § 15A-1419(b)). The court appointed counsel to represent him on his surviving ineffective assistance of counsel claims and set the matter for an evidentiary hearing. (Id. at 58).[1]

Petitioner's surviving claims came on for hearing during the March 30, 2012, term of superior court. Prior to the presentation of evidence, the court was informed that Petitioner had met with his court-appointed counsel on two occasions however, Petitioner explained to the court that he was more prepared to present his case than anybody and that he wished to represent himself in the hearing. The Court examined him and found that his decision to represent himself was knowingly and voluntarily made. (Doc. No. 15-20). Following the presentation of evidence, which included testimony from Petitioner's trial counsel, and Petitioner, the Court filed a nine-page order which included numerous findings of fact and conclusions of law. The Court found that based on the evidence presented, Petitioner had failed to make any reasonable showing that

---

[1] The remaining claims are identified as subparts 1, 3, 4, 8, 10, 12, 13, 14, 17, and 18 of paragraph 25 of Petitioner's MAR. (Doc. No. 15-20: MAR Order). See also (Doc. No. 15-7: MAR).

he received ineffective assistance of counsel during his criminal proceedings and his MAR was therefore dismissed. (Id.); see also (Doc. No. 21-13: MAR Tr.) On August 29, 2012, the North Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari and this federal habeas proceeding follows. (Doc. No. 15-25).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254, which provides in relevant part, that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 n.2 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court's adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

#### A. Procedurally Barred Claims

The Court finds, as did the state court, that Petitioner is procedurally barred from presenting the following Grounds for relief in this federal habeas proceeding: Grounds 1-11, 13, 15-18, 22, 26, and 27. See (Doc. No. 19 at 5: Petitioner's Response). Petitioner voluntarily abandoned his right to present these claims on direct appeal to the North Carolina Court of

Appeals and a review of these claims clearly demonstrates that Petitioner cannot establish good cause to excuse his failure to present the claims on direct appeal or that "the failure to consider the [claims] will result in a fundamental miscarriage of justice." See Rose v. Lee, 252 F.3d 676, 683 (4th Cir.) (noting mandatory effect of North Carolina's post-conviction procedural bar as codified in N.C. Gen. Stat. § 15A-1419), cert. denied, 534 U.S. 941 (2001)).

After Respondent filed his motion for summary judgment, this Court entered an order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Petitioner of his obligation to file a response to the evidence presented. See (Doc. No. 16). In his response, Petitioner has provided no just grounds for his failure to present the foregoing claims on direct appeal and the Court finds that the procedural bar should apply to prevent relief on federal habeas review. Moreover, the Court has examined these claims for relief and find that they are wholly without merit and cannot satisfy the stringent requirements of § 2254(d).

    B.    <u>Ineffective Assistance of Counsel</u>

The remaining claims which the Court will address herein were the subject of an evidentiary hearing before the superior court and each claim pertains to allegations of ineffective assistance of counsel. In particular, Petitioner contends that his conviction and sentence were unlawfully entered in violation of his Sixth and Fourteenth Amendment based on this alleged ineffective assistance. The state court found all claims of ineffective assistance of counsel to be without merit and denied his MAR and the court of appeals declined further review.

The Sixth Amendment to the United States Constitution provides that a defendant shall have the right to assistance of counsel in defense of criminal charges. In order to state a claim for ineffective assistance of counsel, the petitioner bears the burden of demonstrating both that his

5

counsel's performance was deficient and that he suffered prejudice as a result of the performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In considering this issue, the Court is mindful that there is "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. Petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 689. See also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010) ("A reasonable probability, in turn, is defined as 'a probability sufficient to undermine confidence in the outcome.'") (quoting Strickland, 466 U.S. at 694). Furthermore, in considering the prejudice prong, the Court "can only grant relief under the second prong of Strickland if the 'result of proceeding was fundamentally unfair or reliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008) (citing Strickland, 466 U.S. at 693). If the petitioner "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697). Lastly, courts are not bound to consider the two-part test in Strickland in any particular order. Id.

       1.     Failure to Obtain Discovery (Ground 12)

Petitioner argues that his counsel was ineffective in failing to pursue his claim that minorities were "systematically excluded" from serving on both the grand jury and the trial jury. (Doc. No. 1 at 58). Petitioner offers no reasonable argument as to how he was prejudiced by his blank assertion that he was not judged by a jury of his peers. Rather, Petitioner presents this

6

claim as one that would have the Court assume that if his trial counsel had combed through court records pertaining to the race of the grand jury and the trial jury pool then he may have uncovered information that could have demonstrated that certain minorities were improperly excluded from jury service. The state court found that Petitioner failed to present any evidence regarding systematic exclusion of jurors and denied this claim on the merits. (Doc. No. 15-20: MAR Order at 2). The Court finds that this finding is entitled to deferential review. See Bell v. Cone, 543 U.S. 447, 455 (2005) (§ 2254(d) "dictates a 'highly deferential standard for evaluating state-court rulings.'") (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997). Put simply, on federal habeas review, § 2254(d) "demands that state-court decisions be given the benefit of the doubt." Id. (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This claim will be denied.

2. Failure to Attack Indictments (Ground 13)

Petitioner's contention here is that he was not properly indicted by a grand jury. The state court denied this claim on the merits. The issue that Petitioner must now demonstrate in this habeas proceeding is whether the state court's determination was an unreasonable interpretation of Federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. However, the right to be properly indicted by a grand jury is not a right that the Supreme Court has made applicable to defendants facing state criminal proceedings. See Hurtado v. California, 110 U.S. 516, 534-35 (1884); Albright v. Oliver, 510 U.S. 266, 272-73 (1994). Nevertheless, the Court finds that the evidence of record shows this claim is without merit.

Petitioner's counsel testified during his MAR hearing, and the state court found as fact,

7

that the issue of whether the indictments were defective was examined by trial counsel and he found that Petitioner's claim was without merit. See (Id., MAR Order at 2).[2] Accordingly, his trial counsel did not file a motion to dismiss the indictments on this ground because his research demonstrated that each of the indictments had been signed by the foreman and were approved by 12 or more grand jurors. Petitioner has failed to present any reasonable evidence, let alone argument, that he is entitled to any relief under Strickland and this claim will be denied.

        3.        Robbery Indictments (Ground 14)

Petitioner contends that his counsel should have moved to dismiss the indictments for attempted robbery because the indictments did not identify the personal property that Petitioner was allegedly attempting to steal. (Doc. No. 1 at 64). The state court denied this claim on the merits after concluding that the indictments did not need to allege what property was at issue in the attempted robbery. Instead, the court found that the essential elements of attempted robbery or conspiracy to commit robbery did not concern the personal property at issue but "the taking or attempted taking by force or putting in fear of the victim by the use of a deadly weapon." (Id., MAR Order at 3).

It is well-settled that "federal habeas relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). As the Supreme Court succinctly stated, "[w]e reemphasize that is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

---

[2] For instance, during his MAR hearing, Petitioner presented the testimony of a witness, DeShawnna Shivers, that he asked to research the composition of the grand jury that returned Petitioner's indictments. Ms. Shivers testified that she was informed by a clerk of the identity of the grand jury foreman. She later testified on cross-examination by the State that she was not present when the grand jury considered the evidence presented by the State and had no idea if the required quorum was present.

Constitution, laws, or treaties of the United States." Id. (internal citations omitted). The Court finds that Petitioner has failed to demonstrate any entitlement to relief under Strickland as the state court plainly concluded that the indictments were sufficient under North Carolina law and would not be subject to dismissal. Thus Petitioner's contention that his counsel was ineffective for failing to file a frivolous motion is without merit.

        4.        Failure to Object (Ground 15)

Petitioner argues that his counsel should have lodged a proper objection to the State's summation and PowerPoint presentation regarding the evidence and the jury instructions pertaining to acting in concert with others. (Doc. No. 1 at 67-68). The state court denied this claim on the merits and found that his counsel "was not required to object to legal arguments of the State and instructions by the Court that clearly were supported by the facts and the law associated with the crimes charged. The overwhelming evidence in this case as derived from the transcript was that the defendant acted in concert with his [co-defendants] in the commission of all of the crimes, as to all of the alleged victims." (MAR Order at 3). Further, the court found, as a matter of state law that the indictments need not allege that Petitioner acted in concert with others. Petitioner directs this Court to no Supreme Court cases on point that would support a finding that the state correct erred in its findings or that it erroneously interpreted the elements of his indictments and this claim will be denied.

        5.        Failure to Object to Verdict Sheets (Ground 16)

Petitioner contends that there was insufficient evidence to support his conviction on conspiracy to commit robbery because the state failed to demonstrate that he conspired to rob the four victims that were named in his indictment. The state court found that this claim was

9

procedurally barred because Petitioner failed to pursue the claim on direct appeal. The Court finds that this conclusion is correct. Petitioner voluntarily abandoned this claim when he dismissed his appeal as Petitioner plainly could have raised this claim before the court of appeals and he cannot demonstrate cause and prejudice or a miscarriage of justice to entitle him to habeas relief.

    6.  Biased Juror (Ground 17)

Petitioner asserts that his counsel should have objected to a juror that he contends demonstrated bias during voir dire. The state court denied this claim on the merits after finding that upon questioning, the juror, Kimberly Williams, stated that she could be fair and impartial in considering the evidence. (MAR Order at 4-5).

During voir dire, Ms. Williams revealed that five or six years prior to being called for jury duty her nephew or niece was involved in a domestic disturbance that involved a kidnaping or attempted kidnaping. When questioned by the parties and the court, Ms. Williams stated unequivocally that she could be fair and impartial despite this prior experience. (Doc. No. 15-26: Trial Tr. at 113-116). Petitioner's contention is therefore not supported by the record and he offers no evidence that Ms. Williams was biased in her service as a juror other than the apparent insinuation that because he was convicted she must have been biased towards him. Based on the foregoing, the Court finds that Petitioner has failed to demonstrate any chance of relief under Strickland.

    7.  Batson Challenge (Ground 18)

Petitioner argues that his counsel was ineffective in failing to raise a challenge to the state's decision to excuse an African American juror and an Asian American juror. (Doc. No. 1

at 73). The state court made extensive findings on this issue and concluded that there was no evidence that the state improperly excused any juror on account of their race. Moreover, the court concluded that the state provided proper race neutral challenges. The court found that the Asian juror was properly challenged because had a prior DWI conviction and he appeared to harbor some resentment toward law enforcement as result. The court concluded the African American juror was properly challenged because she knew Ms. Shivers, a possible witness for the defense, and that she had seen Ms. Shivers in court before jury selection commenced, and noted her brother's conviction and 10-year prison sentence for a drug offense. (MAR Order at 4).

The Court finds that Petitioner's challenge to the state court's determination that these challenges were permissible must fail as the state court's determination that the reasons for dismissal were race-neutral does not violate the provisions of § 2254(d). See Miller-El v. Dretke, 545 U.S. 231, 251-52 (2005) (applying principles of Batson v. Kentucky, 476 U.S. 79 (1986) ("'[T]he rule in Batson provides an opportunity to the prosecutor to give the reason for striking the juror, and it requires the judge to assess the plausibility of that reason in light of all evidence with a bearing on it."). Furthermore, Petitioner has failed to forecast any evidence that a challenge to the state's decision by his counsel to excuse these jurors was improper or would have been successful or that it may have changed the outcome of his trial. Accordingly, this argument is overruled.

        8.       Pretrial and Trial Matters (Grounds for Relief 19, 21, 23, 24, 25, 28)

Through these claims, Petitioner argues, in a purely catch-all fashion, that his counsel failed to conduct a proper pretrial investigation which includes failing to identify alibi witnesses, erred in failing to call important fact witnesses and in failing to file a motion to suppress certain

pretrial statements and evidence. The state court made extensive findings regarding many of these claims and concluded that each of Petitioner's ineffective assistance of counsel claims were without merit. Based on this record, the Court finds that Petitioner has failed to demonstrate that these findings and conclusions entitle him to relief under the provisions of § 2254(d) or (e)

In addition, the evidence presented against Petitioner was clearly sufficient to identify him as the perpetrator of the events alleged in the indictments, including voluntary statements he made to law enforcement and testimony from an alleged victim and other witnesses and finally, after being questioned by the trial court, Petitioner specifically declined to present evidence following the state's case-in-chief. Petitioner's contention that any pretrial motions or further investigation would have changed the outcome of his trial is without evidentiary support and will be denied.

        9.        Failure to Object to Testimony and Conduct of Cross-Examination

(Grounds 20, 22, 29)

Petitioner contends that his counsel was ineffective in failing to object to the testimony of Detective Martinez regarding pretrial statements that he was alleged to have made and to object to the testimony from several other prosecution witnesses, and he challenges his counsel's effectiveness in cross-examining certain state witnesses. These claims are denied as Petitioner fails to alert this Court to any constitutional violation in the state presenting testimony from an investigating officer or other witnesses or that an objection to such testimony would have been successful. Further, Petitioner fails to present any reasonable argument that any such objections or different cross-examination would have changed the outcome of his trial. These arguments plainly represent a belated effort to challenge the weight of the testimony and not its

12

admissibility and this is a challenge which Petitioner voluntarily abandoned by foregoing a direct appeal. Moreover, Petitioner again fails to provide this Court with any evidence that his counsel was ineffective and these claims will be denied.

      10.     Failure to Object to Prosecutor's Actions (Grounds 26 and 27)

Petitioner presents a lengthy list of complaints in an apparent effort to support his claim for relief under Strickland. First, he contends his counsel was ineffective in failing to object to a statement made by the prosecutor during his closing argument which he contends mischaracterized the evidence. This argument is without merit. The trial court instructed the jury that statements by counsel is not evidence and could not be considered as evidence and there is no indication from this record that any statements by the state were overly prejudicial. Petitioner also contends that his counsel should have objected to the state's use of inconsistent theories, and its direct examination of certain state witnesses, and its display of a photograph of Petitioner in a jail jumpsuit. The state court denied these claims on the merits and this Court finds that Petitioner has failed to demonstrate that the state court's determination of these issues runs afoul of § 2254(d) or (e). Accordingly, as Petitioner has failed to carry his burden of demonstrating that the outcome of the proceeding would have different if these objections were made the Court denies these claims for relief.

    C.     Petitioner's Motions

      1.     Motion for Certified Copies of State Records and Discovery

Rule 6 of the Rules Governing Section 2254 Cases provides that the Court may order discovery for good cause shown. Petitioner has failed to demonstrate the production of any further information would assist the Court in deciding whether he is entitled to federal habeas

relief and his motions will therefore be denied. (Doc. Nos. 18 and 23).

    2.    Motion to Strike

Petitioner moves the Court to strike Respondent's defenses that were presented in support of the motion for summary judgment. Petitioner cites Rule 12(f) of the Federal Rules of Civil Procedure which provides that the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Petitioner offers no argument in support of his motion and the Court finds it should be denied. (Doc. No. 22).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has failed to present any meritorious claims for relief and Respondent's motion for summary judgment will be granted.

**IT IS, THEREFORE ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 13).

2. Petitioner's motion for certified copies of state records is **DENIED**. (Doc. No. 18).

3. Petitioner's cross-motion for summary judgment is **DENIED**. (Doc. No. 21).

4. Petitioner's objection and motion to strike is **DENIED**. (Doc. No. 22).

5. Petitioner's motion for leave to obtain discovery is **DENIED**. (Doc. No. 23).

6. Petitioner's petition for habeas corpus will be **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: March 12, 2014

Robert J. Conrad, Jr.
United States District Judge